Gennaro Pavers, Inc., Appellee, *v.* Kosydar, Tax Commr., Appellant.

[Cite as Gennaro Pavers v. Kosydar (1975), 42 Ohio St. 2d 491.]

(No. 74-1015—Decided June 25, 1975.)

*Messrs. McLaughlin, DiBlasio & Harshman, Mr. Henry A. DiBlasio* and *Mr. Clair M. Carlin,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

*Per Curiam.* Concededly, the factual question before the board was the price per ton that taxpayer paid for asphalt purchased during the audit period. The board, upon remand, found such price to be as claimed by taxpayer, thus granting the claim for refund of an assessment which was based upon the higher purchase price found by the commissioner.

In support of the ultimate issue of whether the board's decision was unreasonable or unlawful, the commissioner contends that: (1) The board had a duty to pass on the credibility of the five exhibit invoices; and (2) the five exhibit invoices were insufficent to support the entire refund inasmuch as they did not represent the total purchases of asphalt during the audit period.

As to the credibility of the invoices, the board's decision recites the commissioner's attack on, and reference to, testimony pertaining to the credibility and authenticity of subject invoices. The record taken at this second board hearing reveals further that these invoice exhibits were admitted in evidence with no objection being offered on behalf of the commissioner. There was evidence that the original purchase records were destroyed by fire. The board's acceptance of, and reliance upon, these exhibits reflects a consideration and rejection of the commissioner's attempted impeachment of their credibility.

The board's categorization of the invoice exhibits as "best evidence" may be, in the context of its decision, subject to interpretation as to whether it intended some application of the best evidence rule and the exclusion of supporting parole testimony or whether it meant that the exhibits were sufficient to shift the evidentiary scales in the taxpayer's favor. In any event, no objections were raised to such exhibits, and there was foundation laid as to destruction of original purchase records and invoices.

Although the five invoice exhibits may represent limited purchases during the audit period, the board's implicit conclusion that these exhibits reflected on and supported taxpayer's entire claim is not unreasonable. Moreover, as noted by the Court of Appeals, there was other parole evidence supporting taxpayer's total claim. In view of the evidence of destruction of other purchase records, this parole evidence as to payments for asphalt by taxpayer to Gennaro Asphalt during the audit period was competent for consideration by the board on the total of taxpayer's claim and supports such decision, whether or not the board so intended.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.